Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued  November  6,  2003        Decided  January  2,  2004

No. 02-5387

NATURAL RESOURCES DEFENSE COUNCIL AND
TRI–VALLEY CARES,
APPELLEES

v.

DEPARTMENT OF ENERGY AND
SPENCER ABRAHAM, SECRETARY OF ENERGY,
APPELLANTS

————

Appeal from the United States District Court
for the District of Columbia
(00cv02431)

————

*Alisa B. Klein*, Attorney, U.S. Department of Justice, argued the cause for appellants.  With her on the briefs were *Roscoe C. Howard, Jr.*, U.S. Attorney, and *Mark B. Stern*, Attorney.

———
 Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Howard M. Crystal* argued the cause for appellees. With him on the brief was *Eric R. Glitzenstein*.

Before: RANDOLPH and ROBERTS, *Circuit Judges,* and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: This appeal presented the question whether the Federal Advisory Committee Act ("FACA"), 5 U.S.C. App. 2, applied to a committee the Department of Energy formed to provide it with advice regarding the National Ignition Facility at Lawrence Livermore National Laboratory in California. The committee, which is known as the November 2001 Status Review Committee, consisted of federal employees and employees of contractors who manage and operate Department-owned laboratories. The district court held that FACA applied to the committee (and to two other committees not the subject of this appeal) and that the Department had failed to comply with FACA's requirements. *Natural Resources Defense Council v. Abraham*, 223 F. Supp. 2d 162, 194 (D.D.C. 2002). The court ordered the Department to disclose committee documents and to include in the committee's reports a statement that although FACA governed the committee, the Department had not complied with the statute. *Id.* at 194–96. The court also declared that the Department had a policy of establishing committees to advise it on this project in violation of FACA. *Id.* at 195.

It is unnecessary to describe the arguments against and in support of the district court's judgment, most of which centered on the meaning of our decision in *Food Chemical News v. Young*, 900 F.2d 328 (D.C. Cir. 1990). On November 24, 2003, after the case had been argued, the President signed into law the National Defense Authorization Act for Fiscal Year 2004. Section 3112, entitled "Department of Energy Project Review Groups Not Subject to Federal Advisory Committee Act By Reason of Inclusion of Employees of Department of Energy Management and Operating Contractors," provides:

> An officer or employee of a management and operating contractor of the Department of Energy, when serving as a member of a group reviewing or advising on matters related to any one or more management and operating contracts of the Department, shall be treated as an officer or employee of the Department for purposes of determining whether the group is an advisory committee within the meaning of section 3 of the Federal Advisory Committee Act (5 U.S.C. App.).

Because committees consisting entirely of federal employees are exempt from FACA, *see* 5 U.S.C. App. 2 § 3, the new legislation had the effect of exempting Department committees such as the November 2001 committee, as the Natural Resources Defense Council ("NRDC") concedes.

In post-argument submissions, the Department argues that passage of § 3112 entitles it to prevail on the merits of its appeal; NRDC urges us to dismiss the Department's appeal as moot in light of § 3112. We think this is a largely meaningless dispute. Both sides agree that the district court's order must be set aside to the extent that it (1) finds the November 2001 committee in violation of FACA; (2) requires the Department to disclose documents relating to the November 2001 committee, and to include a disclaimer in any reports the committee issues in the future; and (3) declares that the Department has an unlawful policy of forming committees with contractor employees in violation of FACA.

We therefore remand the case to the district court for the purpose of altering its judgment to the extent indicated in the preceding paragraph. We leave it to the district court to decide in the first instance whether any further relief is appropriate.

*So ordered.*